## GRIFFIN v. THE BANK OF THE STATE OF ALABAMA.

1. The notice issued at the suit of a Bank requiring its debtor to answer to an allegation of indebtedness, is process to bring the latter into court; but after the motion for judgment has been submitted, it may be regarded as a motion in writing, identifying the debt, to which the defendant may either demur or plead to issue.

2. Where a notice of a motion for judgment in favor of a Bank states the time when the note was discounted, so as to show that it was before it bears date, this statement, as it is unnecessary, may be treated as surplusage.

3. A notice at the suit of a Bank need not be dated, unless the date is made material by a reference to it, as indicating the time when the motion will be made, &c.; and although the indorsement of its receipt by the sheriff shows that the notice was placed in his hands before the maturity of the debt, yet if it is not served until after the debt is due, no objection can be made to this defect in the notice.

4. A defendant cannot object on demurrer that he is not regularly before the court; if such an objection be available, he must plead in abatement.

5. The plea of *non assumpsit* to a notice of a motion for judgment at the suit of

the Bank, throws upon the plaintiff the *onus* of proving the material facts stated in tho notice; and if the note sought to be recovered is 'misdescribed as to the time of its maturity, the variance will be fatal to the motion.

WRIT of error to the County Court of Tuskaloosa.

This was a proceeding by notice and motion, at the suit of the defendant in error against the plaintiff. The notice set out, that the defendant below, as principal, and Thomas L. Holly and George W. Butts, as his sureties, were indebted to the president and directors of the Bank of the State of Alabama, by a note discounted by the Bank on the 2d February, 1840, made for the sum of five hundred and twenty-six dollars, bearing interest at the rate of eight per cent. per annum from its date, and dated the 1st February, 1843, payable to the president and directors of the bank of the State of Alabama, and payable and negotiable at the bank, for value received, twelve months after date, &c. The notice then informed the parties that the president of the bank would move the county court of Tuskaloosa county, at the next term thereof, to be holden on the 2d Monday in May, 1843, for judgment against each of them, for the amount due on the note, with interest, &c. The notice is tested of the 21st of December, 1843, and was regularly served on Griffin, but returned "not found" as to Holly and Butts.

The defendant demurred to the notice, and the demurrer being overruled, he pleaded *non-assumpsit;* issue being thereupon joined, the cause was submitted to a jury for trial. From a bill of exceptions sealed at the instance of the defendant, it appears that the notice, together with the certificate of the president of the bank, that the debt sought to be recovered was really and *bona fide* the property of the bank, were read in evidence without objection. The plaintiff then offered a note in the following words, to sustain the issue on his part:

"Talladega county, 1 February, 1843.—On the first of June next after date, we, David A. Griffin, as principal, and Thos. L. Holly and George W. Butts, as securities, jointly and severally promise to pay the president and directors of the bank of the State of Alabama, five hundred and twenty-six dollars, negotiable and payable at said bank, for value received, with interest from date, at eight per cent. per annum."

"Taken, 2d February, 1843."

This note was subscribed by the defendant and his sureties, as alleged in the notice, but it varied from the description therein made, and the defendant objected to its admission. His objection was overruled, and he thereupon excepted. A verdict was returned for the plaintiff, and a judgment was rendered accordingly.

T. D. CLARK, for the plaintiff in error, insisted, that the notice was inconsistent in itself, and was demurrable; but even if unobjectionable upon its face, it did not correctly describe the note which was sought to be recovered; and it should have been excluded from the jury. [2 Ala. Rep. 346, 505; 5 id. 27.]

B. F. PORTER, for the defendant, contended that the notice was only process in the cause intended to bring the defendant into court, and that a demurrer to it could not be entertained. That it had served its purpose when it had been executed on those to whom it was addressed; it was not permissible for a defendant to plead to it, in order to make up an issue, and then object that the evidence of the debt adduced, was inaccurately described.

COLLIER, C. J.—The notice issued at the suit of a bank against its debtor, is certainly process by which the latter is to be brought into court to answer to an allegation of indebtedness. But after the motion is made, which it informs the party will be submitted, it is something more than process; it is then to be regarded as the motion in writing identifying the debt sought to be recovered, and against which the defendant may urge any ground of defence recognized as available, according to legal forms. The notice, then, may be assimilated to a declaration: it subserves the purpose both of a writ and declaration, though it need not be so formal or techical in its allegations as the latter. Yet it should set out the evidence of indebtedness with such precision that the defendant may know, from an inspection of the notice itself, against what he is called on to make defence. From this view, it will follow, that it is allowable for the defendant either to demur to the notice, or plead to issue.

It is insisted that the demurrer interposed in the county court should have been sustained, because the notice states that the

bank purchased the note about three years before it was made, and because the notice issued previous to its maturity.

In respect to the recital in the notice of the time when the note was discounted, this is certainly irreconcileable with the description, and, allegation as to its date that follows. But as it is not essential to a notice in such case, that it should state at what time the bank became the proprietor of the paper, we think the recital in this respect might be treated as surplusage, and where it disagrees with the description, be stricken out, without prejudicing in any manner so much as is material.

Where a suit is brought in the ordinary form, by a *capias ad respondendum*, it would be competent for a defendant to object that the action was instituted before the maturity of the debt; and in such case, the teste of the writ would be looked to, for the purpose of ascertaining when the action was commenced. [Randolph v. Cook & Ellis, 2 Porter's Rep. 286.] But in a case like the present, no suit is pending until the motion is in fact submitted. The notice need not be dated, unless the date is made material by a reference to it as indicating the time when the motion will be made, &c. Hence the date, or the want of it, where it is not necessary to support some essential part of the notice, cannot prejudice the plaintiff.

The time when the county court was to be holden, is to be ascertained by the date of the notice, and thus far the date would be essential to its regularity, if the time did not otherwise appear. But the sheriff's return shows, when the notice was received by him and served on the defendant; and when this is referred to, it is sufficiently apparent at what term it was proposed to move for judgment. It cannot be objected to this view, that taking the description of the note contained in the notice to be correct, the notice was placed in the sheriff's hands previous to the maturity of the note. Be this as it may, the indorsement of the receipt may be considered as wholly unimportant, and as the notice was not executed until after the debt became due, it may be regarded as a good notice in the sheriff's hands for the time intervening between its service and the maturity of the note. But were the law otherwise, the defendant could not object on demurrer that he was not regularly before the court; his appearance generally would preclude such an objection, and if it could

be made available in any form, it would be available by plea in abatement.

The plea on which issue was taken, was a denial of the cause of action disclosed in the notice, and threw upon the plaintiff the *onus* of proving that the defendant, with the sureties designated, had made a note substantially conforming to that described.— The note produced at the trial is dated the 1st of February, 1843, and due on the first of June thereafter, while that described bears the same date, but is alleged to be due twelve months thereafter. This variance cannot be regarded as immateral. If the description is correct in the notice, (and if otherwise we cannot know it,) the note adduced as evidence was due eight months before that described in the notice, matured. For this discrepancy, it should have been rejected; and for not so adjudging the law, the county court erred. Its judgment is consequently reversed, and if desired, the cause will be remanded.