## THE STATE BANK v. DENT and PATTISON.

1. An allegation in a notice, that the bank would move for judgment on a bill dated the 4th January, 1840, that "it was purchased under the first section of the act of 1843," should be rejected as surplussage.

Writ of Error to the County Court of Tuscaloosa.

THIS was a summary proceeding by notice and motion at the suit of the plaintiff. The defendant pleaded to the notice *non asoumpsit* and other pleas; thereupon the issues were submitted to a jury, but afterwards the plaintiff excepted to the ruling of the court, and then suffered a non-suit. It appears from the bill of exceptions, that the notice was addressed to the sheriff, and required him to serve the same on Dennis Dent, Charles S. Pattison, and James Hullum, and then proceeds thus: " Whereas, you are indebted to the President and Directors of the Bank of the State of Alabama, by a bill of exchange purchased under the first section of the act of 14th February, 1843, being an instrument for the payment of money, executed by one R. Caruthers, as drawer, you the said Dennis Dent, Charles S. Pattison, and James Hullum as indorsers, and the said R. Caruthers as acceptor, which bill is dated on the 4th day of January in the year one thousand eight hundred and forty," payable six months af-

ter date, and duly protested for non-payment on the 7th of July next thereafter. The notice is drawn out at length, and states every thing which it would be necessary to alledge in a declaration, if the suit had been instituted in the usual form.

The defendants' counsel objected to the admissibility of the bill described in the notice, on the ground that the notice stated that the bill was purchased under the first section of the act of 14th February, 1843. The court sustained the objection, and excluded the bill from the jury : thereupon the plaintiff excepted.

P. MARTIN, for the plaintiff in error.

E. W. PECK, for the defendants in error.

COLLIER, C. J.—The act of 1846 confers upon this court the authority to revise a judgment of non-suit, which has been rendered under the circumstances disclosed in the record. The only question then, which is presented is, whether the bill described in the notice is so variant from that offered as evidence, as to have required its exclusion.

In Griffin v. The Bank of the State, 6 Ala. Rep. 908, we said, the notice issued at the suit of a bank against its debtor is process to bring in the latter to answer. But after the motion indicated by it is made, it is then to be regarded as a motion in writing, identifying the debt sought to be recovered, and against which the defendant may urge any ground of defence recognized as available according to legal forms. The notice then is assimilated to a declaration—it subserves the purpose both of a writ and declaration, though it may not be so formal as the latter. Yet it should set out the evidence of indebtedness with such precision that the defendant may know, from an inspection of the notice itself, against what he is called on to make defence. It is therefore allowable for the defendant either to demur to the notice, or plead to issue. And in Crawford v. The Branch Bank at Mobile, 7 Ala. R. 205, it was said, that Lyon v. The State Bank, 1 Stew. Rep. 442, determined that a notice at the suit of a bank, against its debtor, is sufficient, if it identifies the debt

with reasonable certainty, though it has not the precision of a declaration : *Further*, that this case has been followed in practice, and such notices have been considered unexceptionable, although they do not contain the extrinsic allegations that are essential to a declaration.

The statement in the commencement of the notice, that the bill was purchased under the act of 1843, is certainly not descriptive of the bill on which the motion was submitted. It was a matter independent and extrinsic, and could have no other effect, if true, than to entitle the bank to *thirty per cent. damages* upon the dishonor of such a bill ; for if the bill was taken in renewal or settlement of a pre-existing debt, instead of the remittance of funds to pay principle or interest upon State bonds, then the damages would be according to the law previously applying.  This being so, it is difficult to perceive any sufficient reason for rejecting the bill as evidence.

If the statement in the notice, that the bill was purchased under the statute, threw upon the plaintiff the *onus* of proving it, then the objection for a defect of proof should have been raised after the plaintiff had closed his proof.  And if delayed until then, there can be no question but it should have been overruled.  We have seen that greater indulgence is allowed in proceedings of this character, than where the plaintiff declares in the usual mode of prosecuting actions, and that if the notice informs the defendant of what he is called on to answer, although it does not contain the allegations which are essential to a declaration, it is quite sufficient. The same rule we think must be applied where the notice, in addition to informing the debtor for what cause a motion will be made against him, states an independant and repugnant fact not essential to his right to recover.  And in such case the plaintiff is entitled to recover without proof of the unnecessary allegation.

But if the strictest rules of pleading are applied, they will not support the ruling of the county court.  It is said to be well settled, that where a declaration contains impertinent matter, foreign to the cause, it need not be proved ; and that immaterial averments do not at this day require precise proof, unless the failure of such evidence would occasion a vari-

ance between the pleadings and the proof—in fact such evidence is not necessary, unless the subject of the averment is a record—a written instrument, or an express contract. [Pharr & Beck v. Bachelor, 3 Ala. R. 237.]

If matter wholly foreign and impertinent to the cause, in respect to which no allegation was necessary, be stated, it will be rejected as surplussage and need not be proved, *utile per inutile non vitiatur;* except where, by the unnecessary allegation, the plaintiff shows that he has no cause of action. So a superfluous allegation, repugnant to what was before alledged, is void, and will be rejected ; and even if the inconsistent matter precedes a proper statement of the cause of action, it will be disregarded, if its rejection will not leave the declaration in other respects imperfect. [1 Chitty's Pl. 3 Am. ed. 232 to 235 ; Step. Pl. 377 ; Bank U. S. v. Smith, 11 Wheat. R. 171; Gould's Pl. 16 ; Bristow v. Wright, Doug. R. 665 ; Savage v. Smith, 2 Black. R. 1101; The Friendship, 1 Gall. R. 45.]

The date of the bill, and the time of its maturity clearly show, that it was impossible it could have been purchased under the act of 1843—the statement of this fact is wholly disconnected with what follows in respect to the bill, its date, non-payment, &c., and may be stricken out without impairing the cause of action. It is immaterial and inconsistent with the ground upon which the motion was made, and need not have been proved to entitle the plaintiff to recover, and cannot in any manner prejudice. [2 B. & Cresw. R. 2.]

The term *surplusage,* in pleading, comprehends whatever may be stricken from the record, without destroying the plaintiff's right of action. [1 Greenl. Ev. 58 ; 1 Saund. on Plead. & Ev. 415-6 ; 3 Stark. Ev. 1534 ; Hutchison v. Patrick, 3 Miss. Rep. 65 ; Alvord v. Smith, 5 Pick. R. 232 ; De Forest v. Brainerd, 2 Day's Rep. 528.]

Thus we see, that if instead of a notice, the statement of the cause of action were a declaration consequent upon a writ, the plaintiff might, upon proof of the dishonor of the bill, notice, &c., recover, without offering evidence that it had been discounted under the act of 1843—that statement being stricken out, or disregarded, would not affect the right of action on the bill. The recovery would be graduated by the

amount of the bill, interest, and damages according to the rate prescribed in ordinary cases. The statement of the circumstances under which the plaintiff became the proprietor, was alledged with the view of increasing the damages; and it is well settled, that the failure to prove matter of aggravation, set out in the declaration, will not deprive the plaintiff of the right to recover for the injury actually sustained.— These principles we have said are well founded when applied to a declaration, and again repeat that much greater indulgence is shown to a notice. The consequence is, that the judgment is reversed—the non-suit set aside, and the cause remanded.