Coster, Robinson & Co. v. Thomason, use, &c.

---

COSTER, ROBINSON & CO. *vs.* THOMASON, use, &c.

1. A bill of exchange drawn by "*Ebenezer Hearn*" may be given in evidence under a declaration on a bill alleged to have been drawn by "*Ebenezer Hearne.*"

2. A statement by a witness "that the habits of business and intimacy between himself and the defendant were such that witness had no doubt if said defendant had received notice of protest of said bill, it would at once have been communicated to witness," is inadmissible evidence for the defendant in a suit on the bill, being a mere expression of opinion, and not the statement of a fact within the knowledge of the witness.

3. When a bill endorsed by a partnership is dishonored after a dissolution of the firm, notice of protest to any one of the late partners is sufficient to bind all.

4. A recital in the notary's certificate of protest, that "notice of the protest had been left at the offices of the endorsers," is *not, of itself, sufficient* to charge an endorser with notice.

ERROR to the Circuit Court of Mobile. Tried before the Hon. John Bragg.

Coster, Robinson & Co. v. Thomason, use, &c.

Assumpsit on a bill of exchange against an endorser.

Hamilton, for plaintiff in error:

1. As to the exclusion of the testimony, as shown in the bill of exceptions: The question before the jury was the sufficiency of the notice of non-payment to the endorsers. The firm of Coster, Robinson & Co. had no place of business. The evidence was competent to negative the idea that actual notice had been given.

2. The bill of exchange is misdescribed in the declaration.

3. Proper diligence was not shown. The firm was dissolved at the maturity of the bill, and each member of the endorsing firm was entitled to notice. The dissolution destroyed the mutual agency and each must be notified.—Story on Bills of Ex. 335-6, 343; Story on Prom. Notes, 455; 1 Conn. R. 367; 2 ib. 654; 7 Watts & Serg. 383; 4 Cowen R. 126; 5 Hill's R. 232. The assertion and proof that notice was left at the office of the endorser, without more, is not enough to charge the endorser.—Rives v. Parmley, 18 Ala. 259.

W. G. Jones, *contra:*

1. The bill was properly admitted under the declaration. The difference in the spelling of the two names makes no difference in the pronunciation; and being *idem sonans,* they are in law the same name.—Rex v. Shakspeare, 10 East 83; Dickinson v. Bowes, Kay et al. 16 East 110; Shoober v. Ashurst, 1 Littell 216; Taylor v. Rogers, Minor's R. 197; Cantley v. Hopkins, 5 Stew. & Por. 58.

2. The evidence of the witness, as to his intimacy with Coster, and his inference from that intimacy, was properly excluded. Witnesses must testify to facts, not to their inferences, or opinions as to probabilities.

3. When a bill endorsed by a partnership is dishonored after a dissolution, notice thereof to either one of the late partners is sufficient, and binds all.—Collyer on Part. 399, § 443, and cases there cited; Story on Bills, 336, § 299; ib. 343, § 305; Chitty on Bills, 530; Brown v. Turner, 15 Ala. 833.

4. The certificate of the notary that notice had been left at the offices of the endorsers was sufficient. This precise point was so decided in Curry vs. Bank of Mobile, 8 Por. 360. This

case is distinguishable from Rives v. Parmly, 18 Ala. 256. There was no evidence in that case that Rives had any boarding place in Mobile. Here there was evidence that Coster had an office or place of business in Mobile. In that case too, there was no other evidence of notice than the notary's certificate. In this case, the notary was examined as a witness, and his testimony supplies the deficiencies, if any, of his certificate.

COLEMAN, J.—This was an action brought by the plaintiff in the court below against the defendants, to recover on a bill of exchange drawn on the first day of January, 1846, by Ebenezer Hearn on Messrs. R. L. Walker & Co., Mobile, for the payment, four months after date, to Wm. Kitchen, of $1200, and endorsed by William Kitchen and Coster, Robinson & Co.

By the bill of exceptions it appears that the defendants objected to the introduction of said bill of exchange, as evidence under the first count in the declaration, because the bill declared on purported to have been drawn by Ebenezer "Hearne," while that offered in evidence appeared to be drawn by Ebenezer "Hearn." We think, clearly, that there was no error in the overruling of this objection by the court. Though there is a variance of one letter in spelling the two names, they are pronounced precisely alike, and *idem sonans*, they are in consideration of law the same. In Schoober v. Ashurst, (1 Littell 216,) it was held that "Josiah" and "Josier" should be considered the same name, the difference in pronunciation being too small to amount to a variance.

The plaintiff then read as evidence to the jury said bill of exchange, and the protest and certificate of the notary public, showing the proper demand and refusal of payment of the bill, and averring notice of the same to the defendants in these words : "Notice of protest left at the offices of the first and second endorsers."

The defendants then introduced a witness who stated, in substance, that the firm of Coster, Robinson & Co. was composed of George Coster, Levi Robinson, and one Robert L. Walker; that the firm was dissolved on the last of February, or first March, 1846, after which time they separated; that after said dissolution, witness and said Coster were the acting clerks for David Blair & Co., who occupied the same house formerly occu-

pied by Coster, Robinson & Co., and were the only persons em-
ployed in the store during the month of May,. 1846; that at
that time said Robinson was up the country,.and witness did not
know where said Robert L. Walker was, nor whether he then
had any office in Mobile.. "Witness also stated that he never
saw any notice of protest of the bill of exchange sued on; that
he had known the defendant Coster ever since the year 1833;
that he had been constantly employed in the same store and
buisiness with said Coster, for about thirteen years, and their
habits of business and intimacy had been such that the witness
had no doubt, if said Coster had received notice of protest of
said bill, it would at once have been communicated to witness,.
but that he had never heard of any such notice having been re-
ceived by said Coster. The plaintiff's counsel moved the court
to exclude from the jury this last statement, to wit, all that the
witness stated tending to show that if Coster had received no-
tice of the protest, then the witness would have been informed
of it." The court very properly excluded said statement. It
was an expression of opinion, and not a statement of a fact
within the knowledge of the witness,.and was therefore inadmis-
sible as testimony.

The plaintiff then introduced the notary who protested said
bill, who stated " that he did not recollect any thing about said
protest; that he knew it was made by him because he had so
certified; that he could only state that it was his habit, when a dis-
solution of a firm whose name was on negotiable paper had taken
place after the paper was made, and before protest, to give no-
tice at the office of some one member of the firm,.and he had no
doubt he had done it in this instance."

This was all the evidence in the case, upon which the court
charged the jury, that if they believed notice of protest had
been left at the office of any one of the partners of the late firm
of Coster, Robinson & Co. on the day the protest was made,
this was sufficient to authorize a verdict for plaintiff. To this
charge the defendant's counsel excepted, and asked the court to
charge, " first, the plaintiff cannot recover unless he shows that
some attempt was made to give personal notice of protest to
Coster, Robinson & Co., or one of them, and on failure to find
any of them, that then the next best method of giving them no-
tice had been resorted to; secondly, the plaintiff cannot recover

in the absence of proof of the notice having been given during business hours; thirdly, if notice may have been left only at the office of Robert L. Walker after the dissolution of the firm of Coster, Robinson & Co., this would not be sufficient to bind the other parties; fourthly, that the evidence in this case is not sufficient to authorize a verdict for the plaintiff; fifthly, that in order to entitle the plaintiff to recover, it is not sufficient for him to show merely that notice of protest was left at the office of one of the late firm of Coster, Robinson & Co.; if the evidence goes no further than this, the jury must find for the defendant; sixthly, that the evidence contained in the protest is not sufficient evidence, by itself, to entitle the plaintiff to recover."

The court refused each of these charges as asked by the defendant, and charged the jury that if they believed the notice of protest was left on the day of protest at the office of any one of the then late firm of Coster, Robinson & Co., this would be sufficient, without any other proof whatever, to entitle the plaintiff to recover.

We believe the law to be well established, that where a bill endorsed by a partnership is dishonored after a dissolution, notice thereof to either one of the late partners is sufficient to bind all. —Collyer on Part. 399, 443; Story on Bills, 336; Chitty on Bills, 530. In Brown v. Turner, (15 Ala. 833,) it was decided, that when a bill of exchange has been accepted by two persons as partners, who at maturity of the bill have dissolved their partnership, and are also absent from the place of their residence, a demand made of the agent of one of the partners is sufficient; consequently there was no error as to the number of the partners notified. We think, however, that the farther ruling of the court in the case was in collision with the law as decided in the case of Rives v. Parmley, (18 Ala. 256.) In both of these cases the proof of notice of non-payment, &c., as contained in the notarial certificates, is the same; the same words ("notice of protest left at the offices") being used in both certificates. The court decided, in the case referred to, that the certificate of the notary did not contain evidence of such diligence as the law requires to charge an endorser; that to charge the drawer or endorser of a bill, by notice left at his place of business or residence, it should be delivered to a clerk, if there be one at the former place, or to

some proper person at the latter, if any such there be, or it should be certified that no one could be found on application at such place. It is contended, however, that the verbal evidence of the notary furnished, in this case, additional proof of notice, &c. We are not disposed to controvert this, but we think that the jury must have been led to believe, from the charges given, and those refused by the court, that the evidence contained in the notarial certificate alone, and without the other evidence in the case, was, in the opinion of the court, sufficient to authorize a verdict for the plaintiff. In this we think there was error, and therefore order the judgment to be reversed and the cause remanded.