## STANLEY *vs.* BANK OF MOBILE.

1. Appearance and pleading to issue amounts to a waiver of all exceptions to previous irregularities.
2. In summary proceedings by notice and motion against Bank debtors, the notice serves the double purpose of a writ and declaration, and prevents the statute of limitations from creating a bar, although the motion for judgment is afterwards delayed.
3. In an action against an endorser, parol evidence being adduced, in support of the certificate of notice annexed to the protest, that he kept no clerk, and that the notice was left at his office on the day · of protest, the whole evidence should be referred to the jury, to decide whether he had actually received the notice.
4. A charge is erroneous which refers it to the jury "to decide as to the sufficiency of the notice" to charge an endorser ; it is the province of the jury to ascertain the facts, while the court determines their legal sufficiency to constitute notice.
5. When a notice of protest is left at the office of an endorser, who is an attorney and keeps no clerk, on the evening of the day on which it is required to be given, the law presumes that he received it, and it is sufficient to charge him.

ERROR to the Circuit Court of Mobile.

Tried before the Hon. LYMAN GIBBONS.

THIS action was commenced by notice of motion for judgment on a certain promissory note made by John A. Cuthbert,

and endorsed by the plaintiff in error. The note is payable on the 1st day of July, 1845. The notice of motion for judgment is dated, and executed on defendant, on the 21st June, 1851.

On the return day of the notice, the court made an order that all motions in favor of the Bank of Mobile to be made on that day, and on which the notices were made returnable on that day, be continued until the next succeeding Monday of the term. On the Saturday preceding the Monday to which the motions in favor of the Bank had been continued, the court adjourned over until the next succeeding Tuesday, on which day a judgment by default was regularly entered against the defendant. On a subsequent day of the term the record contains the following minute entry: "It is ordered by the court, on motion of the defendant, that the judgment rendered against him at a prior day of this term of the court be set aside, and that the cause be placed on the trial docket, to stand for trial at this term of the court." At the same term the defendant pleaded *non assumpsit* and the statute of limitations. The case was continued generally until the Fall term, 1852, when being reached in its order on the docket, the defendant moved to quash the proceedings : 1st. Because the motion for judgment had not been made on the day named in the notice ; 2nd. That no action was taken on the notice on the day to which it was first continued ; 3rd. The motion for judgment is now made on a day of which the defendant has not had legal notice. This motion was overruled, and verdict and judgment for the plaintiff were rendered on the issues made on the pleas. The defendant excepted to the overruling of his motion.

On the trial, as appears by the bill of exceptions, the plaintiff exhibited the note mentioned in his notice, and offered a protest of a notary public, in which he certified, among other things, that he left a notice to the defendant as endorser at his office. He also called the notary, who testified that he had no recollection of the protest or notice, but from his knowledge of his habits of business he was sure that he left the notice, at the office of the defendant, in the afternoon and before night. The plaintiff proved by another witness, that the defendant was a practicing attorney, and did not keep a clerk. This was the whole testimony in relation to notice of protest.

The defendant requested the court to charge the jury, that the certificate of notice, in the protest of the notary, was not sufficient to charge the defendant; which charge the court gave, but added, that the jury might connect with it the other evidence on the part of the plaintiff, and that if they believed from the evidence, that the notice was left in such a way that in all probability it reached the defendant, it was sufficient to charge him.

The defendant requested the court to charge the jury, that in all the evidence there was not sufficient to charge the defendant; which charge the court refused to give, but left it to the jury to decide as to the sufficiency of the notice. To which charge and refusals to charge the defendant excepts.

The court also charged, that the issue of the notice was the commencement of the suit; and that, as six years had not elapsed from the accrual of the plaintiff's cause of action to the time of such issue, the action was not barred by the statute of limitations; to which the defendant also excepted.

The refusal to quash the notice, and to dismiss the proceedings, the continuing of the case, and requiring the defendant to plead after the judgment by default was set aside, the refusal of the charges asked, and the charges given, are here assigned for error.

Jno. T. Taylor, for plaintiff in error:

When the facts are ascertained, it becomes a question for the court to determine whether the notice is sufficient. The only material evidence in this case is, the recital in the protest " that notice was left at the office of endorser same day." The notary remembered nothing about it; and the fact that defendant was a lawyer and kept no clerk, is entirely immaterial. The recital in the protest is not, of itself, sufficient to charge the endorser.—Rives v. Parmley, 18 Ala. 256 ; Coster, Robinson & Co. v. Thomason, 19 Ala. 719.

No motion was made on the day indicated in the notice, but there was an order granting leave to the plaintiff to make the motions on a subsequent day which were to have been made on that day, not to continue any motion that had been made. The plaintiff might have done this without such an order, but not without another notice to defendant. The effect of the notice

was thus lost.—8 Porter 125. Again; all the virtue and validity of this notice was lost for another reason : On the day to which the motion was attempted to be continued, there was no court, and no order of any kind taken.

The subsequent appearance was not made until after a judgment by default. An appearance to quash or set aside a judgment for irregularity, certainly cannot be a waiver of that very irregularity. The defendant afterwards pleaded, but not until his motion was decided. The objection that the motion was too late, was not raised in the court below.

The charge of the court on the statute of limitations was erroneous. In summary proceedings like this, there is no case pending until the motion is made ; therefore, the making of the motion is the commencement of the suit, and not the act of issuing notice.—1 Stewart 470; 8 Porter 125 ; 1 Ala. 543 ; 8 Ala. 344. Six years having elapsed before the motion was made, the statute was a bar.

P. PHILLIPS, *contra:*

1. If there was any irregularity in submitting the motion, or in the previous orders, defendant has waived it, by procuring the judgment rendered at the first term to be set aside, and having the cause put on the trial docket, and continuing it several times.—Crawford v. Bank of Mobile, 7 Ala. 205 ; Griffin v. State Bank, 6 Ala. 911 ; Garey v. State Bank, 11 Ala. 771 ; 13 Ala. 787.

2. The notice stands in the place of both writ and declaration, and its service is the commencement of the action ; and, therefore, the statute of limitations was no bar to the motion.— Griffin v. State Bank, 6 Ala. 910 ; Angell on Limitations 334 ; 4 Cowen 158.

3. The question as to the sufficiency of the notice of protest rests not only on the recital in the protest, but upon the additional proof that defendant kept an office as attorney and had no clerk, and that the notice was left at his office before night. This brings the case within the decisions of Rives v. Parmley, 18 Ala. 261, and Coster, Robinson & Co. v. Thomason, 19 Ala. 721.

LIGON, J.—1. It is unnecessary to examine into the irregularities alleged to exist in the notice and order of continuance

made by the court on the first day of the term to which it was returnable, inasmuch as we think it well settled, that the subsequent appearance of the defendant at the same term, and his pleading to issue, amounts to a waiver of all exceptions to such irregularities. Where a party appears by counsel and pleads to the merits, he will not afterwards be heard to say that he was not notified by service of process, or that irregularities exist in previous orders of continuance.—Moore v. Phillips, 8 Porter 567 ; Hobson & Sons v. Emanuel, *ib.* 442 ; 3 Stew. 480 ; 9 Ala. 399. Such an appearance and pleading waives all irregularities which may exist in the form and service of the process by which the defendant is sought to be brought before the court. Crawford v. Br. Bank at Mobile, 7 Ala. 205.

This record shows that the defendant appeared at the return term, after the judgment by default had been rendered against him, moved for and obtained an order to set that judgment aside, and to place the cause on the trial docket, and by his attorneys, Cuthbert & Cuthbert, pleaded the statute of limitations and the general issue. It was too late after this for him to avail himself of any thing which was only matter in abatement or discontinuance of the suit.

2. We have already held that, in cases in which Banks are allowed to proceed against their debtors by notice and motion summarily made, the notice is the leading process in the case. (6 Ala. 911.) It is the commencement of an action for the recovery of the demand, and, if followed up by service on the defendant and motion for judgment against him at the time specified in it, it serves the purpose of both *writ* and declaration, and will effectually hinder the statute of limitations from operating a bar, if it had not effected a bar before the service of such notice.

The bare fact that it is at the option of the plaintiff to make or forbear his motion for judgment at the time appointed in his notice, will not be allowed to change this result, any more than the power which the plaintiff possesses to dismiss or discontinue his suit when commenced by *capias* would have such an effect when the suit is commenced by that process. The commencement and prosecution of a suit, in any form authorized by law, is all that is required of the holder of the demand, in order to protect him against the statute.—Angel on Lim. 334 ; Ross v.

Luther, 4 Cowen 158. In the case under consideration, the Bank commenced proceedings, in the form prescribed by the statute, before six years had elapsed from the time the cause of action accrued, and consequently her demand against the plaintiff in error is unaffected by the statute of limitations.

3. There is no error in the qualification to the first charge asked by the defendant and given by the court. The parol proof of the notary, and the witness who proved that the defendant kept no clerk in his office, should have been referred by the court to the jury, in aid of the certificate of notice accompanying the protest of the notary ; and it was for the jury to say, from the whole proof thus taken together, whether the facts would justify the conclusion that the defendant ever received the notice left at his office. The charge has this extent, no more; and is consequently free from error.—Rives v. Parmley, 18 A. R. 261 ; Coster et al. v. Thomason, 19 Ala. 721.

The refusal to give the second charge asked, accompanied, as the bill of exceptions states it to have been, by a reference of the *sufficiency* of the notice to the jury, is not in our opinion entirely free from error. While it is conceded that this charge, in the form in which it was asked, was properly refused, for the obvious reason that it assumes the truth of the facts offered in evidence, and takes from the jury their unquestionable right to pass upon the truth or falsehood of the testimony ; yet, it is stated in the bill of exceptions, that the court, on refusing the charge, " left it to the jury to decide as to the sufficiency of the notice." We think it clear, that the province of the jury, in respect to questions of diligence in cases like the present, is confined to the ascertainment of the facts which are relied on by the plaintiff to constitute notice ; and it is for the court alone to pass upon the legal sufficiency of these facts to constitute notice. To say, therefore, to the jury, that it is for them to say whether the facts proved constitute due diligence on the part of the holder in giving notice of non-payment to the endorser, is to refer to them a question of law, and is consequently erroneous. Such is the effect of the ruling of the court on the second charge asked by the defendant below.

It is no answer to this, to say that, when the court referred it to the jury to pass upon the sufficiency of the notice, it must be understood to mean that they must ascertain whether the notice

left at the office of Stanley had ever been received by him; that they must find what measure of diligence the proof showed the Bank to have used to give him notice of the non-payment of the note. We do not think the language of the bill of exceptions will bear such a construction, nor can we presume the jury so understood it. The natural and ordinary sense of the words used is, that the jury must pass upon the legal sufficiency of the notice to the endorser, and we must presume that the jury so understood it. The sufficiency of the evidence to establish the fact that the endorser was notified of the non-payment of the note, and the legal sufficiency of such notice when proved, are very different questions ; the former belongs to the jury, and the latter exclusively to the court.

But in this case, the question of the sufficiency of the proof to make out the necessary diligence with respect to notice, is properly referred to the jury in the first charge given by the court, and the verdict shows, that, in the exercise of their rightful powers, they find it sufficient to establish such facts as are necessary to constitute notice of non-payment. For when it is shown that a notice, accompanied by a protest of a note for non-payment, is left at the office of an attorney, who is the endorser, and who keeps no clerk, in the afternoon of the day on which by law it is required to be given, the law presumes he received it, and it is sufficient to charge him. The record in this case shows this state of facts, and by this means excludes the idea that any injury has resulted to the plaintiff in error from the exceptionable charge of the court which we have just examined. It is, therefore, error without injury, and does not authorize a reversal.

The cases of Rives v. Parmley, 18 Ala. R. 261, and Coster, Robinson & Co. v. Thomason, use, &c., 19 Ala. 721, each present a different state of facts in respect of notice from the one under consideration, and consequently should not be allowed to control it.

Let the judgment be affirmed.